WILLIAM J. WEST, PLAINTIFF-RESPONDENT, v. ARMINDA H. HEDGER, DEFENDANT-APPELLANT.

Submitted October 1, 1940—Decided January 9, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *G. Tapley Taylor* (*George Bratt, Jr.,* of counsel).

For the defendant-appellant, *George H. Richenaker.*

The opinion of the court was delivered by

PORTER, J. The respondent sued to recover on a building contract with appellant who filed a counter-claim for work improperly performed.

The court below entered judgment for the respondent for the amount claimed, $294.90, and dismissed the counter-claim.

It is not disputed that the written contract provided that respondent was to obtain the labor and materials necessary for the alteration and improvement of the premises of the appellant; that he was to supervise and be responsible for the work and conduct of all subcontractors; that he was to be governed by the wishes of the appellant in all respects; that he was to submit to appellant for payment weekly cost sheets or reports of labor and material costs; and that appellant was to pay him for supervision, plans and specifications, a sum equivalent to ten per cent. of the cost of the work.

It appears that before the work was entirely completed the appellant moved into the premises and ordered respondent to stop all work.

The parties stipulated that if the respondent was entitled to recover, the sum of $294.90 was the amount due. Included in that sum is an item of $169 which is ten per cent. of the cost of the heating plant and insulation work done by subcontractors. That item is disputed, by appellant. She says that a new contract was made orally during the progress of the work to the effect that she was not to be required to pay ten per cent. of the cost of the heating plant and the insulation work. This is denied by respondent.

The appellant says that the work was not complete or not done in a good workmanlike manner and that the cost of completion and remedying defects would amount to $200 for which she counter-claimed. The respondent denies that the workmanship was not good, or that any fault had been found with it, and moreover that he had been prevented by dismissal from completing the work.

There was testimony on the factual questions at issue which justify the trial court's conclusions. This court will not review questions of fact under these circumstances. *N. J. S. A.* 2:32-202; *Sheehan* v. *Menkes,* 8 *N. J. Mis. R.* 867; 152 *Atl. Rep.* 326.

Finally to be considered is appellant's contention that the trial court erred in admitting into evidence a revised cost sheet of respondent for the final week's work, that ending

December 9th, 1939. On that cost sheet appeared the items of work done by the heating and insulation subcontractors, while on the original cost sheet for that week as submitted to appellant, which she introduced in evidence, the items in question did not appear. We think there was no error in admitting the revised report. The contract required the submission of these weekly reports but certainly there was no finality about them. Their purpose was to correctly show the cost of the work for the weekly period. If corrections were necessary to carry out the terms of the contract, corrected or revised reports to show the facts were proper and were admissible as evidence. The fact that the items in dispute were not included in the original report is of evidential value for the court's consideration in determining the factual question of whether or not the contract was altered by a subsequent verbal agreement eliminating those items from the contract. We think that any written reports made by respondent of the progress and cost of the work were admissible.

The judgment is affirmed, with costs.